UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

------------------------------------------------x

WAYNE GILMORE,
an individual,

        Plaintiff,

vs.

WENDY'S INTERNATIONAL, INC.,
an Ohio Corporation,

        Defendant.

------------------------------------------------x

CASE NO.:

Judge:

Magistrate:

## COMPLAINT

Plaintiff, WAYNE GILMORE, by and through his undersigned counsel, hereby files this Complaint and sues WENDY'S INTERNATIONAL, INC., an Ohio Corporation, for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, WAYNE GILMORE, (hereinafter referred to as "MR. GILMORE" or "PLAINTIFF"), is a resident of St. John the Baptist Parish, Louisiana.

4. MR. GILMORE is a qualified individual with a disability under the ADA. MR. GILMORE is paralyzed from the waist down. MR. GILMORE is a paraplegic and uses a wheelchair for mobility.

1

5. Due to his disability, PLAINTIFF is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, Defendant WENDY'S INTERNATIONAL, INC., an Ohio Corporation, is registered to do business in the State of Louisiana (hereinafter referred to as "DEFENDANT"). DEFENDANT is the owner, lessee, lessor and/or operator of the real properties and improvements which is the subject of this action, to wit: Wendy's, 1440 West Airline Highway, La Place, Louisiana 70068 and 4296 Main Street, La Place, Louisiana 70068. The DEFENDANT is obligated to comply with the ADA.

7. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, St. John the Baptist Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. PLAINTIFF realleges and reavers Paragraphs 1 - 7 as if they were expressly restated herein.

9. The Properties are a place of public accommodation, subject to the ADA, located at: 1440 West Airline Highway, La Place, Louisiana 70068 and 4296 Main Street, La Place, Louisiana 70068.

10. MR. GILMORE has visited the Properties numerous times and plans to visit the Properties again in the near future.

11. During these visits, MR. GILMORE experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in paragraph 14 of this Complaint.

Case 2:11-cv-01796-LMA-JCW   Document 1   Filed 07/25/11   Page 3 of 6

12. MR. GILMORE continues to desire to visit the Properties, but continues to experience serious difficulty due to the barriers discussed in Paragraph 14 which still exist.

13. MR. GILMORE intends to and will visit the Properties to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subjects of this action.

14. DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against PLAINTIFF due to, but not limited to, its failure to remedy, *inter alia*, the following violations:

   A. For the 1440 West Airline Highway, La Place, Louisiana 70068 property:

   (1) inaccessible parking due to failure to utilize shortest accessible route to entrance;

   (2) inaccessible signage as some disabled parking spaces lack signs;

   (3) inaccessible parking as the designated accessible parking spaces are not at least 96 inches wide and do not have a minimum clearance width of at least 32 inches;

   (4) inaccessible ramp leading to the entrance has a slope exceeding 1:12 and the least possible slope was not used;

   (5) inaccessible ramp leading to entrance with rise in excess of 6 inches but no handrails;

   (6) inaccessible entrance doors due to insufficient width with door 90 degrees open and thresholds exceeding 3/4 inches;

   (7) inaccessible seating;

    (8) inaccessible counters; and

    (9) inaccessible restroom not fully accessible to a person in a wheelchair.

 B. For the 4296 Main Street, La Place, Louisiana 70068 property:

    (1) inaccessible parking due to failure to utilize shortest accessible route to entrance;

    (2) inaccessible signage as there are no signs depicting parking for disables;

    (3) inaccessible parking as the designated accessible parking spaces are not at least 96 inches wide and do not have a minimum clearance width of at least 32 inches;

    (4) inaccessible ramp leading to the entrance has a slope exceeding 1:12 and the least possible slope was not used;

    (5) inaccessible ramp leading to entrance with rise in excess of 6 inches but handrails only go 1/3 of length of ramp;

    (6) inaccessible route to entrance due to excessive changes in level;

    (7) inaccessible entrance doors due to insufficient width with door 90 degrees open and threshholds exceeding 3/4 inches;

    (8) inaccessible seating;

    (9) inaccessible counters; and

    (10) inaccessible restroom not fully accessible to a person in a wheelchair.

15. Furthermore, DEFENDANT continues to discriminate against PLAINTIFF, and others similarly situated, by failing to make reasonable modifications in policies, practices or

procedures, when such modifications are necessary to provide PLAINTIFF an equal opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages, and accommodations which DEFENDANT offers to the general public; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

16. To date, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

17. Removal of the discriminatory barriers to access located on the Properties is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

19. Removal of the barriers to access located on the Properties would provide PLAINTIFF an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANT offers to the general public.

20. Independent of his intent to return as a patron to the Properties, PLAINTIFF additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

21. PLAINTIFF has been obligated to retain the undersigned counsel for the filing and prosecution of this action. PLAINTIFF is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A. That this Court Declare that the Properties owned, leased and/or operated by DEFENDANT are in violation of the ADA;

B. That this Court enter an Order directing DEFENDANT to alter the facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That this Court enter an Order directing DEFENDANT to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities for a reasonable amount of time, allowing implementation and completion of corrective procedures;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to PLAINTIFF; and

E. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
Attorney's for Plaintiff
12550 Biscayne Blvd. Suite 406
Miami, FL 33181
Tel: 305-891-1322
Fax: 305-891-4512

By: _____
Ku & Mussman, P.A.
Of Counsel
Andrew Bizer (LA # 30396)
757 St. Charles Ave., Suite 302
New Orleans, Louisiana 70130
T: 504-619-9999
F: 504-592-3300
andrew@bizerlaw.com